UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENISE W.,

                  Plaintiff,                      **DECISION AND ORDER**

       v.

                                      1:20-CV-432-EAW

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
_____

## INTRODUCTION

Represented by counsel, Plaintiff Denise W. ("Plaintiff") is seeking reversal of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her request for a waiver of an overpayment of Title II disability insurance benefits ("DIB") made as a result of an increase in her workers' compensation payments. (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. 24; Dkt. 30). For the reasons discussed below, Plaintiff's motion (Dkt. 24) is denied and the Commissioner's motion (Dkt. 30) is granted.

## BACKGROUND

Plaintiff began receiving DIB on October 15, 2005.[1]  (Dkt. 18 at 16).  On August 4, 2016, she received a Notice of Change in Benefits from the SSA informing her that the Commissioner overpaid the sum of $6,256.00 in DIB from April 2014 through July 2016 as a result of the changes in Plaintiff's weekly workers' compensation benefits that she was receiving during that time.  (*Id*. at 96-97).  On September 1, 2016, Plaintiff requested a waiver of overpayment.  (*Id*. at 107-16).  The Commissioner denied Plaintiff's request and advised Plaintiff of her right to have a personal conference with the Commissioner.  (*Id.* at 106).  Plaintiff attended the conference, following which the Commissioner denied her request for a waiver of overpayment.  (*Id*. at 52-53).

At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Paul Georger on May 15, 2019.  (*Id.* at 21-32).  On July 26, 2019, the ALJ issued an unfavorable decision.  (*Id.* at 16-19).  Plaintiff then requested review by the Appeals Council, which the Council denied on February 6, 2020, making the ALJ's determination the final decision of the Commissioner.  (*Id.* at 5-9).

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by

---

[1]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Social Security Act ("Act") holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). If the Court finds that there is substantial evidence supporting the Commissioner's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982).

## II.  **Overpayment of Benefits**

The regulations provide the framework for recovery of an incorrect amount of DIB that has been paid to any individual by the Commissioner. 42 U.S.C. § 404(a)(1). They specifically state that whenever the Commissioner finds that an overpayment of benefits has been made, the recovery of the overpayment is made by decreasing a payment due to an individual receiving the benefit or by requiring a refund of the overpayment. *Id.* ("Whenever [the Commissioner] finds that more or less than the correct amount of payment has been made to any person under [Title II], proper adjustment or recovery shall be made.").

Recovery of overpayment of benefits can be waived if the Commissioner finds that: (1) the overpaid individual is completely without fault in causing the overpayment, and (2) recovery would defeat the purpose of Title II of the Act, or would be against equity and

- 3 -

good conscience.  42 U.S.C. § 404(b)(1); 20 C.F.R. § 404.506(a); *see also Chlieb v. Heckler*, 777 F.2d 842, 846 (2d Cir. 1985).  The determination of fault is a factual inquiry that requires the ALJ to consider "all pertinent circumstances," including the individual's age, intelligence, education, and physical and mental limitations.  20 C.F.R. § 404.507.  "Although the [Commissioner] may have been at fault in making the overpayment, that fact does not relieve the overpaid individual or any other individual from whom the [Commissioner] seeks to recover the overpayment from liability for repayment if such individual is not without fault."  *Id*.

The overpaid individual may be found at fault for the overpayment if she: (1) makes a statement which she knows or should have known to be incorrect; (2) fails to furnish information which she knew or should have known to be material; or (3) accepts a payment which she knew or could have been expected to know was incorrect.  *Id*.  Notably, bad faith on the part of the overpaid individual is not required; rather, an honest mistake may be sufficient to constitute fault.  *Center v. Schweiker*, 704 F.2d 678, 680 (2d Cir. 1983) (citation omitted).  The burden to demonstrate that the individual is "without fault" is on the recipient of an overpayment of benefits.  *Valente v. Sec'y of Health and Hum. Serv.*, 733 F.2d 1037, 1041-43 (2d Cir. 1984).

"The district court must uphold a decision by the Secretary that a claimant was not without fault if it is supported by substantial evidence in the record as a whole, because that determination is factual in nature."  *Id*. at 1041 (citation omitted).  Similarly, the Commissioner has "considerable discretion" in making a determination of whether repayment would defeat the purposes of the Act or be against equity or good conscience.

*Id.* However, "[i]f the Commissioner's finding that the claimant was not without fault is supported by substantial evidence, there is no need to consider whether recovery of the overpayments would defeat the purpose of [the Act] or would be against equity and good conscience, 'since those factors come into play only if the recipient is without fault.'" *Chlieb*, 777 F.2d at 846.

## DISCUSSION

### I.    The Hearing and ALJ's Decision

On May 15, 2019, the ALJ held a hearing regarding Plaintiff's request for waiver of recovery of the overpayment of DIB.  (Dkt. 18 at 21-32).  At the hearing, Plaintiff testified that she was receiving permanent disability workers' compensation benefits of $290.40 per week until April 14, 2014, when she underwent a neck surgery.[2]  (*Id.* at 27-28, 30).  At that time, her workers' compensation benefits changed from being permanent to temporary total disability benefits, and increased from $290.40 per week to $400.00 per week.  (*Id.*).  Plaintiff continued to receive $400.00 per week until October 30, 2014. On October 31, 2014, her weekly benefit was reduced to $381.27 per week, which Plaintiff received until February 27, 2015.  On February 28, 2015, Plaintiff's workers' compensation benefits were reduced again to $326.00 per week.  (*Id.* at 28-29, 95).  Plaintiff testified that she did not notify the Commissioner of the changes in her workers' compensation benefits because of

---

[2]    Plaintiff testified that her permanent disability rate of $290.40 increased as a result of a hearing held by the New York State Workers' Compensation Board (the "Board") on April 21, 2014; however, the record reflects that the increase in benefits went into effect on April 14, 2014.  (Dkt. 18 at 67, 95).

the advice of her then legal counsel, who instructed her to wait to notify the Commissioner until her workers' compensation matter was finalized. (*Id*. at 29, 30). Plaintiff communicated with the Commissioner shortly after she received the final decision regarding her workers' compensation benefits. (*Id*. at 29-31). Plaintiff testified that she neither contested the fact that she had received the overpayment, nor disputed the amount of the overpayment sought by the Commissioner. (*Id*. at 31).

Following the hearing, the ALJ denied Plaintiff's application for a waiver of recovery of the overpayment. (*Id*. at 16-19). In his decision, the ALJ analyzed the three decisions issued by the Board, which memorialized the increases in Plaintiff's workers' compensation benefits during the period from April 14, 2014 through February 28, 2015. (*Id*. at 18).[3] Having considered the record and Plaintiff's hearing testimony, the ALJ determined that Plaintiff did not report the increases in her workers' compensation benefits received from April 14, 2014 through February 28, 2015, which were greater than the original workers' compensation benefits amount she reported to the Commissioner prior to April 14, 2014. (*Id*.). The ALJ also opined that Plaintiff had a duty to report the increased workers' compensation benefits to the Commissioner, but failed to do so until nearly two years after they first increased. (*Id*.). The ALJ determined that Plaintiff knew or should have known that the information about the changes in her workers' compensation payments

---

[3]     The ALJ's decision does not reference the fourth decision issued by the Board on March 1, 2016, authorizing a payment of $326.80 per week from February 28, 2015 through February 26, 2016. (*Id*. at 119). Taking into account that the ALJ considered the other three decisions issued by the Board in his analysis when he determined that Plaintiff was not without fault in receiving the overpayment, the Court finds this omission harmless.

was material to the status of her disability benefits, and that she accepted payments from the Commissioner knowing that they were incorrect. (*Id*.).  As a result, the ALJ determined that Plaintiff was not without fault in the creation and accumulation of the $6,256.00 overpayment made by the Commissioner. (*Id*.).  Lastly, the ALJ determined that recovery of the overpayment should not be waived and that it would not defeat the purposes of the Act, nor would be against equity and good conscience, since Plaintiff willingly entered into a payment agreement to reimburse the Commissioner $30.00 per month. (*Id*. at 18-19).

## II.   **Substantial Evidence Supports the Commissioner's Determination that Plaintiff Was Not Without Fault**

The regulations provide that where an individual is receiving both workers' compensation benefits under state law and DIB, the Commissioner may offset in part the individual's DIB to account for the workers' compensation benefits received by the individual.  42 U.S.C. § 424a(a).  Here, the Commissioner is seeking an overpayment of $6,256.00 paid to Plaintiff in DIB.  Plaintiff does not dispute being overpaid by the Commissioner, nor does she disagree with the alleged overpayment amount.  (Dkt. 18 at 26-27, 30, 31; Dkt. 24-1, ¶ 2).  Moreover, she has entered into a payment agreement with the Commissioner, pursuant to which she agreed to contribute $30.00 per month to repay the $6,256.00 overpayment.  (Dkt. 18 at 18, 167).  Despite that, Plaintiff argues that she was not at fault for the overpayment made by the Commissioner because she relied on the advice of her attorney not to report the temporary increases in her workers' compensation benefits to the Commissioner until after they became final.  (Dkt. 24-1, ¶ 5; Dkt. 25 at 3-4).  The Court finds Plaintiff's argument unpersuasive.

The record demonstrates that Plaintiff's workers' compensation benefits first increased from $290.40 per week to $400.00 per week effective April 14, 2014, and that Plaintiff continued to receive this amount through October 31, 2014. (*Id*. at 131-32). On October 31, 2014, Plaintiff's benefits were reduced to $381.27 per week, and she continued to receive this amount until February 28, 2015. (*Id*. at 129, 131). On March 1, 2016, the Board issued what appears to be its final decision authorizing a payment of $326.80 per week payable to Plaintiff from February 28, 2015 through February 26, 2016. (*Id.* at 119).

Plaintiff admitted that it was not until February 2016, when she notified the Commissioner of the increased workers' compensation benefits that she had been receiving since April 2014.[4] (Dkt. 18 at 29). The reason for that, she argues, was the award of temporary benefits during the period in question and the uncertainty about the permanent workers' compensation benefit she would be entitled to receive once the Board finalized her workers' compensation claim. (Dkt. 24-1, ¶ 3). The Court does not find this argument persuasive because Plaintiff was obligated to communicate *any* changes in her weekly compensation to the Commissioner regardless of whether they were temporary or permanent. In fact, Plaintiff was on notice of her duty to report the changes in her workers' compensation payments as early as July 15, 2004, the date she applied for DIB. (Dkt. 18

---

[4]      The record is unclear of when exactly Plaintiff notified the Commissioner of the increases in her workers' compensation benefits during the period in question. Plaintiff testified that she did so in February 2016 within two days of the final ruling of the Board. (Dkt. 18 at 29; Dkt. 24-1, ¶ 7). Yet, the final decision issued by the Board was dated March 1, 2016. (Dkt. 18 at 119). Regardless of whether Plaintiff communicated with the Commissioner in either February or March 2016, the record is clear that she did not report the fluctuation of her workers' compensation benefits to the Commissioner for nearly two years after April 2014 when her weekly benefits were first increased.

at 47).  Indeed, Plaintiff's DIB application form specifically stated that Plaintiff agreed to notify the SSA if she applied for or received a decision on benefits under any workers' compensation law or plan, and report entitlement to and/*or changes* in the amount of worker's compensation benefit received.  (*Id*.) (emphasis added).  Therefore, by agreeing to the above terms, Plaintiff knew or should have known that the information about the fluctuations in her workers' compensation benefits would be material to the Commissioner. Instead of communicating with the Commissioner when her workers' compensation benefits first increased or within a reasonable time thereafter, Plaintiff accepted weekly overpayments in her DIB from April 2014 through July 2016 knowing that such payments did not take into account the fluctuation of her workers' compensation benefits.  Therefore, the ALJ properly determined that Plaintiff was not without fault in the creation and accumulation of the overpayment.  *See* 20 C.F.R. § 404.507 (an individual will be considered at fault in receiving the overpayment where, among other things, incorrect payment resulted from her failure to furnish material information, or when she accepted payment which she knew or could have been expected to know was incorrect); *see also Kennedy v. Apfel*, 173 F.3d 844 (2d Cir. 1999) (a finding that plaintiff was not "without fault" was supported by the evidence of his failure to furnish information that he knew or should have known was material to his entitlement of benefits); *Underwood v. Berryhill*, No. 1:16-CV-00071 (MAT), 2018 WL 2454605, at *5 (W.D.N.Y. June 1, 2018) (plaintiff's failure to report pension income and her knowledge that such income could reduce her Social Security benefits was material information that put her at fault for the overpayment of benefits).

Plaintiff's argument that she was not at fault because she relied on her attorney's advice not to communicate with the Commissioner until her workers' compensation benefits became final is equally without merit. The Court recognizes that in certain circumstances an individual can be found without fault if she relied on erroneous representations made by an official source within the SSA. 20 C.F.R. § 404.510a ("Where an individual or other person on behalf of an individual accepts such overpayment because of reliance on erroneous information from an official source within the SSA . . . with respect to the interpretation of a pertinent provision of the Act or regulations pertaining thereto, . . . such individual, in accepting such overpayment, will be deemed to be without fault."); *see also Madlock v. Bowen*, No. CIV-87-911E, 1988 WL 137723, at *2 (W.D.N.Y. Dec. 20, 1988) ("fault should not be found where a plaintiff does everything she was told to do and may have been misinformed by the Administration") (citation omitted).

However, this regulation does not apply to an individual who relied on an advice of someone who is not acting in an official capacity on behalf of the Commissioner in interpreting relevant provisions of the Act. *See Schenck v. Comm'r of Soc. Sec*., No. 14 Civ. 1445 (KPF), 2015 WL 4393077, at *9 (S.D.N.Y. July 16, 2015) (despite relying on incorrect advice from *outside* the SSA, plaintiff "knew or should have known of her ineligibility to receive benefits, of the requirement to report her additional resources, and of the impropriety of her receipt of benefits") (emphasis in the original); *see also Samuss v. Sullivan*, No. 89-C-261, 1990 WL 357115, at *7 (E.D. Wis. Jan. 30, 1990), *aff'd*, 972 F.2d 352 (7th Cir. 1992) (legal advice of plaintiff's workmen's compensation attorney not to discuss her workmen's compensation claim with anybody does not excuse plaintiff's

- 10 -

failure to report the receipt of her workmen's compensation benefits while receiving SSI benefits); *Ducharme v. Astrue*, Civ. Action No. PWG-08-2698, 2012 WL 907777, at *3 (D. Md. Mar. 15, 2012) (plaintiff was at fault for causing the overpayment of benefits when, among other things, he unreasonably relied on a legal advice of someone not affiliated with the SSA not to report his earnings); *LaBeaux for LaBeaux v. Sullivan*, 760 F. Supp. 761, 766 (N.D. Iowa 1991) (reliance on the advice of an attorney did not absolve plaintiff's payees from liability for the overpayment of benefits because plaintiff's attorneys are agents of the plaintiff and not those of the government).  Therefore, Plaintiff's reliance on the advice of her legal counsel not to report the temporary increases in her workers' compensation benefits until she received their final calculation does not relieve Plaintiff from her legal obligation to report the changes in her workers' compensation payments, regardless of their temporary nature.

Therefore, the record demonstrates that Plaintiff failed to meet her burden and establish that she was without fault in causing the overpayment.  Accordingly, the ALJ's determination that Plaintiff was not without fault for the overpayment is supported by substantial evidence.  The Court finds that there is no basis for remand.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 30) is granted and Plaintiff's motion for judgment on the pleadings (Dkt. 24) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      July 11, 2022
            Rochester, New York

- 12 -